HOUSTON BELT & TERMINAL RY. CO. v. LEE. (No. 7141.)*

(Court of Civil Appeals of Texas. Galveston. March 23, 1916. Rehearing Denied April 20, 1916.)

1. RAILROADS ⊝⟞398(2) — IINJURIES ON TRACKS—EVIDENCE—SUFFICIENCY.

In an action for a death on a railroad track, evidence *held* sufficient to justify a finding that the operators of the defendant's engine negligently failed to discover the deceased upon the track in time to have stopped the engine before striking him.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1357, 1358; Dec. Dig. ⊝⟞398(2).]

2. APPEAL AND ERROR ⊝⟞1071(1)—REVIEW—HARMLESS ERROR.

In an action for a death on a railroad track, where the court made alternative findings that the operators of the defendant's engine negligently failed to discover the deceased before the engine struck him, and if this is not true that they negligently failed to discover the deceased in time to avoid striking him, the error was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4234; Dec. Dig. ⊝⟞1071(1).]

3. DEATH ⊝⟞99(5)—EXCESSIVE DAMAGES.

In an action for the death of the plaintiff's son where the plaintiff was 62 years of age, with a life expectancy of 12 to 13 years, and deceased 30 years of age and earning $60 a month, having epileptic fits, which would not, however, have affected his earning capacity during the lifetime of his father, had contributed to plaintiff's support, a verdict of $750 is not so excessive as to indicate bias, prejudice, or improper motive on the part of the trial court.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125, 126, 130; Dec. Dig. ⊝⟞99(5).]

4. APPEAL AND ERROR ⊝⟞1004(1)—FINDINGS—EXCESSIVE DAMAGES.

The mere fact the amount of a verdict is against the preponderance of the evidence does not authorize the appellate court to set it aside as excessive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944, 3946; Dec. Dig. ⊝⟞1004(1).]

Appeal from District Court, Harris County; John A. Reed, Judge.

Action by Peter Lee against the Houston Belt & Terminal Railway Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Andrews, Streetman, Burns & Logue, Coke K. Burns, and W. L. Cook, all of Houston, for appellant. Howard & Kendall, of Houston, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant to recover damages for the death of Joseph Lee, a son of appellee, whose death is alleged to have been caused by the negligence of appellant's employés in operating one of its engines.

The petition alleges, in substance, that the deceased, Joseph Lee, was struck by an engine operated by appellant's employés upon one of its tracks in the city of Houston and thereby received injuries which resulted in his death; that said Joseph Lee "from and by reason of faintness, dizziness, or some temporary disability and infirmity fell upon one of the said tracks of the defendant, and while lying as aforesaid, and without mental capacity to realize his peril, and without physical capacity to remove himself from said track, was carelessly, negligently, and recklessly run over by a switch engine operated by the defendant, its agents, servants, and employés."

There are also averments of a frequent use of the tracks and right of way at the point of the accident by members of the public, including school children, and also averments that there were no obstructions to prevent Joseph Lee from being seen as he lay upon or near the track.

The allegations of negligence are as follows:

"That said injury was caused by the defendant negligently and carelessly running said engine along said tracks and in the immediate approach of the said street crossing and crossing of the Houston Electric Company with defendant's track as aforesaid without having any of its agents, servants, or employés on the running board of said engine nearest approaching said crossing, and without keeping a watch out in the direction said engine was going, and the defendant, its agent, servants, and employés failed to discover said Joseph Lee in his position of peril on or near said tracks of defendant and ran over him with said engine without having discovered him; that the defendant, its agents, servants, and employés had they been looking in the direction said engine was traveling, and had the servants and operators of defendant exercised ordinary care to do so, the said Joseph Lee, in his position of peril on said track of the defendant, would have been discovered, and the said engine stopped, or by the exercise of ordinary care could have been stopped in time to avert the said injury and death of the said Joseph Lee, and the death of said Joseph Lee was directly caused by the negligent failure of defendant, its agents and employés, to exercise ordinary care to discover him in his position of peril; that if defendant, its agents, servants, and employés discovered him in his said position of peril in time to avoid running over him they failed to use ordinary care to stop the engine and avoid the injury."

It was further alleged that said Joseph Lee was earning at the time of his death $60 a month, and that he had for many years contributed to the support of plaintiff and would have continued to so contribute. Damages are asked in the sum of $9,600.

The defendant answered by general demurrer and by general and special denials

of all the material allegations of the petition.

The trial in the court below without a jury resulted in a judgment in favor of the appellee in the sum of $750.

The evidence introduced by plaintiff shows that the deceased, Joseph Lee, while walking on or near the tracks of the defendant in the city of Houston, on the morning of the 25th day of November, 1914, between 7 and 8 o'clock, was seized with a fit and fell upon one of said tracks in a helpless condition and was struck by an engine operated by employés of defendant and received injuries from which he died the next day.

The track of defendant along which deceased was walking at the time he fell was commonly used by pedestrians as a public way without objection from defendant. There was no obstruction of any kind which could have prevented the operatives of said engine from discovering deceased lying upon the track in ample time to prevent injuring him, had they used ordinary care to look out for persons on the track. The engine was being operated at a speed of six miles an hour.

The trial court made the following fact findings which are sustained by the evidence and which we adopt:

"The said defendant failed to have any one on the front running board of the said engine (or rather the rear running board, the engine being reversed), and the employés of defendant in charge of said engine kept no watch or lookout for the purpose of discovering said Joseph Lee or other persons who might have been upon its tracks at said time and place, and the said defendant company, and those in charge of its engine, were negligent in failing so to do, and had it not been for such failure the injury to the said Joseph Lee would not have occurred, and said injury was directly and proximately caused thereby.

"When the said Joseph Lee fell on or near said tracks, the said switch engine was such a distance away that the servants and employés of defendant had ample time by the exercise of ordinary care to have discovered him in his position of peril on or near said tracks and stopped said engine and avoided the injury.

"The plaintiff, Peter Lee, was the father of said Joseph Lee, and on the date of the death of said Joseph Lee was 62 years of age, in good health, and had a life expectancy of between 12 and 13 years.

"Said Joseph Lee was the son of the plaintiff, Peter Lee; he had never married, and his mother had theretofore died. On November 25, 1914, he was about 30 years of age, and had for 10 or 15 years been subject to epileptic fits. He was a common laborer, sober and industrious, of good habits, worked steadily, and the fits to which he was subject incapacitated him only while he was seized by same and sometimes for a short time thereafter, and they would not during the life of his father, the plaintiff, have to any great extent impaired his earning capacity. He had at different times contributed to the support of plaintiff, and would in the future have contributed to him to an extent and value, which if now paid in hand, would amount to the sum of $750."

The first and second assignments of error assail the judgment on the ground that the evidence is insufficient to raise the issue of negligence on the part of the defendant's employés in any of the respects charged in plaintiff's petition. These assignments are based upon the theory that because there is no direct evidence that the operatives of the engine did not discover the deceased upon the track in time to have stopped the engine before striking him that the finding of the court that they negligently failed to make such discovery is without evidence to support it. We do not think this contention is sound. According to the testimony of plaintiff's witnesses the deceased fell upon the track several hundred feet in front of the approaching engine. All of the testimony shows that the track was clear of obstructions, and that there was nothing to prevent the operatives of the engine from seeing deceased as he lay upon the track. All of the evidence further shows that the engine was only moving at a speed of six miles an hour, and that no effort was made to stop the engine before it struck deceased. We think the only reasonable inference to be drawn from these facts is that the operatives of the engine did not see deceased on the track in time to stop the engine before it struck him. In view of the undisputed evidence that the operatives of the engine made no effort to avoid striking the deceased, the inference that they saw him in his perilous position in time to have prevented the injury would impute to them the motiveless crime of willfully injuring him, and would, we think, be an unreasonable conclusion.

Two of the operatives of the engine, the engineer and switchman, testified that they saw the deceased walking along the side of the track going south, the direction in which the engine was going, some distance before the engine reached him. The engineer further testified that just as the engine passed the deceased he attempted to get upon the footboard and fell under the engine. The switchman further testified that a few seconds after he saw the deceased walking by the side of the track he saw him "with the engine rolling him over." The fireman, who was riding on the engine on the side from which the deceased was thrown from the track when the engine struck him, testified:

"I did not see none of the accident at all and did not know that anything happened until the engineer says, 'My God, we killed a man!'"

According to the testimony of plaintiff's witnesses the deceased was walking north on the track going in the direction from which the engine was coming, when he was seized with the fit and fell upon the track where he remained until the engine struck him. It was the province of the court, sitting as the trier of the facts as well as the law of the case, to settle this conflict in the evidence, and this the court did by wholly discarding as untrue the testimony of the engineer and switchman. The testimony of the fireman, who was in a better position to see deceased than either the engineer or switchman, that he did not see him before he was struck, tends to support the conclusion reached by the court

from the testimony of plaintiff's witnesses, that none of the operatives of the engine saw the deceased before he was struck.

[1] We think the evidence is sufficient to support the findings of the court, and the first and second assignments cannot be sustained.

[2] It is not material whether the operatives of the engine failed to discover deceased in his perilous position before the engine struck him or failed to discover him in time to avoid injuring him. If they negligently failed to discover him in time to prevent the injury, the fact that they may have discovered him in his perilous position before he was struck would not affect the liability of the defendant. There was no such inconsistency and uncertainty in the alternative findings of the court, that the operatives negligently failed to discover the deceased upon the track before the engine struck him, and if this was not true then the operatives negligently failed to discover the deceased in his peril in time to avoid striking him, as to render such findings insufficient to support the judgment against the defendant, and the third and fourth asignments which complain of the judgment on this ground cannot be sustained.

[3, 4] It appears to this court that the finding of the trial court that the plaintiff has suffered loss in the sum of $750 by the death of the deceased is against the preponderance of the evidence, but we cannot say that it is without evidence to support it, or that the amount awarded is so excessive as to indicate bias or prejudice on the part of the trial court, or that in fixing said amount the court acted from any improper motive. In these circumstances we are not authorized to substitute our judgment for that of the trial court as to amount of damages to which plaintiff is entitled.

This disposes of all of the assignments of error, and it follows from the conclusions before stated that the judgment of the court below should be affirmed; and it has been so ordered.

Affirmed.